UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| DALE PETTY, Individually and as Administrator of the Estate of TONYA SUE PETTY 1923 Madiera Drive Albuquerque, NM 87110, <br><br> Plaintiff, <br><br> v. <br><br> PFIZER INC., a Delaware Corporation, 235 East 42nd Street New York, NY 10017 <br><br> G. D. SEARLE AND CO., a Delaware 235 East 42nd Street New York, NY 10017 <br><br> PHARMACIA, INC., a Delaware Corporation 235 East 42nd Street New York, NY 10017 <br><br> MONSANTO COMPANY, a Delaware Corporation, 235 East 42nd Street New York, NY 10017 <br><br> Defendants. | Civil Action No. |

**COMPLAINT**
**(Product Liability – Wrongful Death)**

**Parties**

**PLAINTIFF**

1.      Deceased, TONYA SUE PETTY, at all times relevant hereto was a

resident of the State of New Mexico.

2.    Plaintiff, DALE PETTY, is the duly appointed representative of the Estate of TONYA SUE PETTY.   TONYA SUE PETTY having deceased on February 25, 2003.

3.    TONYA SUE PETTY was injured and died as a result of her use of Celebrex and Plaintiff therefore seeks, all such compensatory damages, punitive damages, all ascertainable economic losses, including, if applicable, survival damages, wrongful death damages, treble damages, attorneys' fees, reimbursement of the cost of obtaining Celebrex, reimbursement for all past health and medical care costs related to his ingestion of Celebrex.  As more particularly pleaded below, Plaintiff maintains that the pharmaceutical drug, Celebrex, is defective, dangerous to human health, unfit and unsuitable to be marketed and sold in commerce, and lacked proper warnings as to the dangers associated with its use.

## DEFENDANTS

4.    Defendant G.D. Searle & Co. (hereinafter "Searle") is a Delaware corporation with its principal place of business in Illinois.  At all relevant times, Searle has been engaged in the business of marketing and selling Celebrex nationwide and in the District of Columbia and New Mexico.

5.    Defendant Pharmacia, Inc. is a Delaware corporation with its principal place of business in New Jersey. At all times relevant hereto, Pharmacia was in the business of manufacturing, marketing, selling and distributing the pharmaceutical product Celebrex (Celecoxib) nationwide and in the District of Columbia and New Mexico.

6.    Defendant Monsanto Company (hereinafter "Monsanto") is a subsidiary of Pharmacia, Inc. and is a Delaware Corporation with its principal place of business in Missouri.    At all times relevant to this action, Monsanto, was in the business of manufacturing, marketing, selling and distributing the pharmaceutical product Celebrex (Celecoxib) nationwide and in the District of Columbia and New Mexico.

7.    Defendant Pfizer, Inc. (hereinafter "Pfizer") is a Delaware Corporation with its principal place of business in New York.  In 2003, Pfizer acquired Pharamcia for nearly $60 billion because of Celebrex.  During the relevant time period, Pfizer was engaged in the business of marketing and selling the pharmaceutical product Celebrex (Celecoxib) nationwide and in the District of Columbia and New Mexico.

## Jurisdiction and Venue

7.    This Court has jurisdiction in this action pursuant to 28 U.S.C. §1332.  There is complete diversity between the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

8.    Venue is proper in this District pursuant to 28 U.S.C. §1391(a)(2) and (3) because all of the events giving rise to this action occurred in the State of New Mexico and Defendants are subject to the personal jurisdiction of this Court.

9.    Personal and subject *matter jurisdiction* are appropriate in this Court as to all Defendants, as all Defendants have done business in the District of Columbia and New Mexico, either directly or by agent, and have thus availed

themselves of this jurisdiction.

10.    Celebrex is a treatment for musculoskeletal joint pain associated with osteoarthritis, among other maladies. Defendants Searle, Pharmacia, Monsanto and Pfizer did manufacture, design, package, market and distribute this drug. Defendants Searle, Pharmacia, Monsanto and Pfizer encouraged the use of this drug in improper customers, misrepresented the safety and effectiveness of this drug and concealed or understated its dangerous side effects. These Defendants aggressively marketed this drug directly to the consuming public, although only available through prescription, through the use of various marketing mediums, including, but not limited to, print and television advertising and extensive physician sampling. These Defendants did this to increase sales and profits.

11.    At all times relevant, Defendants actually knew of the defective nature of their products as herein set forth, yet continued to design, manufacture, market, distribute and sell their products so as to maximize sales and profits at the expense of the general public's health and safety in conscious disregard of the foreseeable harm caused by these products. Defendants' conduct exhibits such an entire want of care as to establish their actions were a result of fraud, ill will, recklessness, gross negligence or willful and intentional disregard to the Plaintiff's individual rights, and hence punitive damages are appropriate.


## FACTUAL ALLEGATIONS

12.    Defendants are in the business of designing, manufacturing, marketing,

developing, testing, labeling, promoting, distributing, warranting and sell its product, CELEBREX. Defendants at all times relevant hereto, designed, developed, manufactured, promoted, marketed, distributed, tested, warranted and sold CELEBREX in the District of Columbia and New Mexico.

13.    Upon information and belief, Decedent, Tonya Sue Petty ingested CELEBREX from approximately February 2, 2001 until February 23, 2003 and as a result thereof, suffered an acute massive pulmonary embolus and death on February 25, 2003.

14.    At all times relevant herein, Decedent was unaware of the serious side effects and dangerous propensities of the drug as set forth herein.

15.    The product in question was designed, formulated, patented, marketed, sold, tested, warranted, and ultimately distributed by Defendants as CELEBREX.

16.    CELEBREX is in a class of drugs called non-steroidal anti-inflammatory drugs ("NSAIDS") with selective cycloxygenase 2 inhibitory properties (COX-2 Inhibitor). It was approved by the Food and Drug Administration on December 31, 1998 for the treatment and management of symptoms of osteoarthritis and rheumatoid arthritis in adults.

17.    Defendants materially breached its obligations to consumers, such as Decedent Tonya Sue Petty, including but not limited to its design, testing, manufacture, design, warning, marketing, warranting and sale of CELEBREX.

18.    Defendants expressly and/or impliedly warranted to the market, including the Decedent, by and through statements made by Defendant or its

authorized agents or sales representatives, orally and in publications, package inserts and other written materials to the health care community, that CELEBREX was safe, effective, fit and proper for its intended use.

19.     Defendants were aware of the substantial risks of taking CELEBREX but failed to fully disclose same.

20.     Defendants failed to meet the applicable standards of care which were intended for the benefit of individual consumers such as the Plaintiff, making the Defendants liable for Decedent Tonya Sue Petty's Death and injuries.

**COUNT I**
**PRODUCTS LIABILITY-DEFECTIVE DESIGN**

21.     Plaintiff repeats and incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

22.     Defendants are the researcher, developer, manufacturer, distributor, marketer, promoter, supplier and seller of CELEBREX, which is defective and unreasonably dangerous to consumers.

23.     CELEBREX is defective in its design or formulation in that it is not reasonably fit, suitable or safe for its intended purpose and/or its foreseeable risks exceed the benefits associated with its design and formulation. CELEBREX is defective in design and formulation in that it lacks efficacy and/or it poses a greater likelihood of injury than other non-steroidal anti-inflammatory medicines and similar drugs on the market and is more dangerous than ordinary consumers can reasonably foresee.

24.     The defective condition of CELEBREX renders it unreasonably dangerous and CELEBREX was in this defective condition at the time it left

the hands of Defendants.  CELEBREX was expected to and did reach consumers, including Decedent Tonya Sue Petty, without a substantial change in the condition on which it was designed, manufactured, labeled, sold, distributed, marketed, promoted, supplied and otherwise released into the stream of commerce.

25.    Decedent was unaware of the significant hazards and defects of CELEBREX.  CELEBREX was unreasonably dangerous in that it was more dangerous than would be reasonably contemplated by the ordinary user. During the period that Decedent was taking CELEBREX, the medication was being utilized in a manner that was intended by Defendants.  At the time Decedent received and consumed CELEBREX, it was represented to be safe and free from latent defects.

26.    Defendants are strictly liable to Plaintiff/Decedent for designing, manufacturing, and placing into the stream of commerce a product which was unreasonably dangerous for its reasonably foreseeable uses at the time it left the control of Defendants because of the design defects.

27.    Defendants knew or should have known of the danger associated with the use of CELEBREX, as well as the defective nature of CELEBREX, but continued to design, manufacture, sell, distribute, market, promote and/or supply CELEBREX so as to maximize sales and profits at the expense of the public health and safety, in conscious disregard of the foreseeable harm caused by CELEBREX.

28.    As a direct and proximate cause of the design defect and Defendants'

misconduct as set forth herein, Plaintiff/Decedent suffered permanent physical injuries and death and has incurred medical expenses and economic loss and has otherwise been physically, emotionally and economically injured.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory, treble and punitive damages, together with interest, costs of suit, attorney's fees and all such other relief as the Court deems proper.

### COUNT II
### PRODUCTS LIABILITY-FAILURE TO WARN

29.    Plaintiff repeats and incorporates by reference all other paragraphs of the Complaint as if fully set forth at length herein.

30.    Defendants researched, developed, designed, tested, manufactured, inspected, labeled, distributed, marketed, promoted, sold and otherwise released into the stream of commerce the pharmaceutical, CELEBREX, and in the course of same, directly advertised or marketed the product to FDA, consumers or persons responsible for consumers, and therefore had a duty to warn of the risks associated with the use of CELEBREX.

31.    At all times relevant hereto, CELEBREX was under the exclusive control of the Defendants as aforesaid, and at all times relevant hereto, was unaccompanied by appropriate warnings regarding all possible adverse side effects and complications associated with the use of CELEBREX, dangerous drug-drug interactions and food-drug interactions, and the comparative severity, duration and the extent of the risk of injury with such use.

32.    At all times relevant hereto, Defendants failed to timely and reasonably warn of material facts regarding safety and efficacy of CELEBREX so that no

medical care provider would have prescribed, or no consumer would have used CELEBREX had those facts been made known to such providers and consumers.

33.    Defendants failed to perform or otherwise facilitate adequate testing in that such testing would have shown that CELEBREX posed serious and potentially life-threatening side effects and complications with respect to which full and proper warning accurately and fully reflecting the symptoms, scope and severity should have been made to medical care providers, the FDA and the public including Decedent.

34.    CELEBREX,   which was researched, developed, designed, tested, manufactured, inspected, labeled, distributed, marketed, promoted, sold and otherwise released into the stream of commerce by Defendants, was defective due to inadequate post-marketing warnings and/or instruction because, after Defendants knew or should have known of the risks of serious and potentially life-threatening side effects and complications from the use of CELEBREX, Defendants failed to provide adequate warnings to medical care providers, the FDA and the consuming public, including Decedent and continued to promote CELEBREX aggressively.

35.    At all times relevant thereto, CELEBREX was defective due to inadequate warnings.  Defendants knew that had healthcare professionals been adequately warned of the serious risks of injury to their patients, healthcare professionals would not have prescribed CELEBREX to patients.

36.    As the direct and proximate result of the conduct of Defendants as

aforesaid, Plaintiff/Decedent suffered permanent physical injuries and death and has incurred medical expenses and economic loss and has otherwise been physically, emotionally and economically injured.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory, treble and punitive damages, together with interest, costs of suit, attorney's fees and all such other relief as the Court deems proper.

**COUNT III**
**NEGLIGENCE**

37.    Plaintiff incorporates by reference all other paragraphs of this Complaint as fully set forth herein at length.

38.    Defendants and its agents were merchants or sellers of CELEBREX. Defendants had a duty to exercise reasonable care in the design, manufacturing, marketing, sale, testing and/or distribution of this drug into the stream of commerce.  Defendants failed to exercise ordinary care in the design, manufacturing, marketing, sale, testing, and/or distribution of the CELEBREX drug into interstate commerce.

39.    At all times relevant hereto, Defendants knew or should have known that its CELEBREX drug greatly increased Plaintiff/Decedent's risks of having a heart attack and/or stroke, or worse, causing her death.

40.    Despite the fact that Defendants knew or should have known that CELEBREX could cause unreasonable injurious results and/or death to Plaintiff, Defendants continued to market, distribute and sell CELEBREX to the public.

41.    At all times relevant hereto, Defendants knew or should have known

that consumers, such as Plaintiff/Decedent would foreseeably suffer injuries and/or death as a result of Defendants' failure to exercise ordinary care as described above.

42.    At all times relevant hereto, Defendants failed to provide timely and adequate post-marketing warnings and/or instructions after Defendant knew or learned of the risk of injury from CELEBREX via post-marketing data.

43.    Defendants' negligence was a proximate cause of Plaintiff/Decedent's injuries and death.

## COUNT IV
## FRAUD

44.    Plaintiff repeats and incorporates by reference all other paragraphs of the Complaint as if fully set forth at length herein.

45.    Defendants are the researcher, developer, designer, tester, manufacturer, inspector, labeler, distributor, marketer, promoter, seller and/or otherwise released CELEBREX into the stream of commerce.

46.    Defendants knew or should have known that the use of CELEBREX causes serious and life threatening injuries but failed to warn the public, including Decedent, of same.

47.    Defendants made untrue, deceptive, or misleading misrepresentations of material facts to and omitted and/or concealed material facts from Decedent in product packaging, labeling, medical advertising, direct-to-consumer advertising, promotional campaigns and materials, among other ways, regarding the safety and use of CELEBREX.    Moreover, Defendants

downplayed and/or understated the serious nature of the risks associated with CELEBREX in order to increase the sales of CELEBREX and secure a greater share of the COX-2 market.

48.    Defendants's statements and omissions were undertaken with the intent that the FDA, physicians, and consumers, including the Decedent, would rely on Defendants' statements and/or omissions.

49.    Defendants knew of the growing public acceptance of the misinformation and misrepresentations regarding the safety and efficacy of CELEBREX but remained silent because Defendants' appetite for significant future profits far outweighed its concern for the health and safety of the public, including Decedent.

50.    Decedent's physicians prescribed and/or otherwise provide Decedent with CELEBREX and Decedent consumed CELEBREX, primarily for personal and family reasons and suffered ascertainable losses of money as a result of the Defendants' use or employment of the methods, acts or practices alleged herein.

51.    The aforesaid promotion and release of CELEBREX into the stream of commerce constitutes an unconscionable commercial practice, deception, false pretense, misrepresentations, and/or knowing concealment, suppression or omission of material facts with the intent that others would rely upon such concealment, suppression or omission in connection with the sale or advertisement of such merchandise or services by Defendant.

52.    Defendant Defendants concealed, omitted, or minimized the side

effects of CELEBREX or provided misinformation about adverse reactions, risks and potential harms from CELEBREX and succeeded in persuading consumers to purchase and ingest CELEBREX despite the lack of safety and the risk of adverse medical reactions, including cardiovascular events and gastrointestinal effects.

53.     Defendants' practice of  promoting and marketing CELEBREX created and reinforced a false impression as to the safety of CELEBREX, thereby placing consumers at risk of serious and potential lethal effects.

54.     At all times relevant hereto, CELEBREX lacked appropriate warnings, and the packaging and labels used by Defendant were misleading, inaccurate, incomplete and/or untimely.

55.     Defendants violated its post-manufacture duty to warn which arose when they knew or with reasonable care should have known, that CELEBREX was injurious and sometimes fatal.

56.     At the time when consumers such as Plaintiff/Decedent purchased and ingested CELEBREX, Defendants intended that others would rely upon the concealment, suppression or omission of the risks of ingesting CELEBREX.

57.     Defendants' actions in connection with manufacturing, distributing, and marketing CELEBREX as set forth herein evidence a lack of good faith, honesty in fact and observance of fair dealing so as to constitute unconscionable commercial practices.

58.     Defendants acted willfully, knowingly, intentionally, unconscionably, and with reckless indifference when committing these acts of consumer fraud.

59.    As a proximate result of the acts of consumer fraud set forth above, Decedent purchased an unsafe product and incurred monetary expense and the risk to herself and members of her household that they would consume CELEBREX and thereby suffer an increased risk of harm as previously set forth herein.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory, treble and punitive damages, together with interest, costs of suit, attorney's fees and all such other relief as the Court deems proper.

## COUNT V
## BREACH OF EXPRESS WARRANTY

60.    Plaintiff repeats and incorporates by reference all other paragraphs of this Complaint as if fully set forth at length herein.

61.    Defendants placed CELEBREX into the stream of commerce for sale and recommended its use to physicians, the FDA and consumers without adequately warning physicians, the FDA and consumers, including the Decedent, of the risks associated with the use of CELEBREX.

62.    Defendants had a duty to exercise reasonable care in the research, development, design, testing, manufacture, inspection, labeling, distribution, marketing, promotion, sale and release of CELEBREX, including a duty to:

a) Ensure that the product did not cause the user unreasonably dangerous side effects;

b) Warn of dangerous and potentially fatal side effects; and

c) Disclose adverse material facts when making representations to physicians, the FDA and the public at large, including

Decedent.

63.    When Decedent's physician prescribed CELEBREX and Decedent made the decision to use CELEBREX, both Decedent and her physician reasonably relied upon the Defendants and their agents to disclose known defects, risks, dangers and side effects of CELEBREX.

64.    Decedent's physician, the FDA, and/or Decedent had no knowledge of the falsity or incompleteness of the Defendant's statements and representations concerning CELEBREX when Decedent's physician prescribed and/or otherwise provided CELEBREX and Decedent purchased and used CELEBREX as researched, developed, designed, tested, manufactured, inspected, labeled, distributed, marketed, promoted, sold or otherwise released into the stream of commerce by the Defendant. Decedent unjustifiably and detrimentally relied on the warranties and representations of Defendants in the purchase and use of CELEBREX.

65.    Defendants were under a duty to disclose the defective and unsafe nature of CELEBREX to physicians, the FDA, consumers and users, such as Decedent. Defendant had sole access to material facts concerning the defects, and Defendants knew that physicians, the FDA and users, such as Decedent, could not have reasonably discovered such defects.

66.    By the conduct alleged,    Defendants, its agents and employees expressly warranted to Decedent and Decedent's physician that the products were merchantable and fit for the purpose intended.

67.    This warranty was breached because CELEBREX was not safe and

effective as a medication for arthritis and pain, as Defendants had represented and Decedent was injured and died.

68. As a direct result of Defendants' conduct as aforesaid, Plaintiff/Decedent suffered permanent physical injuries and death and has incurred medical expenses and economic loss and has otherwise been physically, emotionally and economically injured.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory, treble and punitive damages, together with interest, costs of suit, attorney's fees and all such other relief as the Court deems proper.

## COUNT VI
## BREACH OF IMPLIED WARRANTY

69. Plaintiff repeats and incorporates by reference all other paragraphs of this Complaint as if fully set forth at length herein.

70. At all relevant times herein, Defendants marketed, manufactured, promoted, distributed and/or sold CELEBREX for use by the public at large including Decedent. Defendants knew the use for which its product was intended and impliedly warranted the products to be of merchantable quality, safe and fit for use.

71. Decedent reasonably relied on the skill and judgment of Defendants, and as such its implied warranty in using CELEBREX. CELEBREX was not of merchantable quality or safe or fit for its intended use because it was unreasonably dangerous and unfit for the ordinary purpose for which it was intended to be used.

72. As a direct and proximate result of one or more of these wrongful acts it

omissions of Defendants, Decedent suffered profound permanent injuries, medical expenses, economic loss and death.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory, treble and punitive damages, together with interest, costs of suit, attorney's fees and all such other relief as the Court deems proper.

## COUNT VII
## NEGLIGENT MISREPRESENTATION

73.    Plaintiff repeats and incorporates by reference all other paragraphs of this Complaint as though fully set forth at length herein.

74.    Defendants having undertaken the manufacturing, marketing, distribution, and/or promotion of CELEBREX owed a duty to provide accurate and complete information regarding CELEBREX.

75.    Defendants falsely represented to Decedent in direct to consumer advertising and indirectly through misrepresentation to the prescribing physician, that CELEBREX was safe and effective.  The representations by Defendants were in fact false and CELEBREX was not safe and was in fact dangerous Decedent's health.

76.    At the time the aforesaid representations were made, Defendants concealed from Decedent and his prescribing physician information about the propensity of CELEBREX to cause great harm.  Defendants negligently misrepresented claims regarding the safety and efficacy of CELEBREX despite the lack of information regarding same.

77.    The aforementioned misrepresentations were made by Defendants with the intent to induce Decedent to use CELEBREX to Decedent's detriment.

78.    At the time of Defendants' misrepresentations and omissions, Decedent was ignorant of the falsity of these statements and reasonably believed them to be true

79.    Defendants represented and marketed CELEBREX as being safe and effective.    After Defendants became aware of the risk of ingesting CELEBREX, however, Defendants failed to communicate to Decedent and/or the general public that the ingestion of this drug could cause a person serious and potentially fatal bodily injury.

80.    Plaintiff/Decedent brings this cause of action against Defendants under the theory of negligent misrepresentation for the following reasons:

a)    Plaintiff incorporates all facts and allegations previously stated in this    Complaint;

b)    Defendants failed to warn Decedent and other consumers of the defective condition of CELEBREX as manufactured and/or supplied by Defendants;

c)    Defendants individually and through its agents, representatives, distributors, and/or employees negligently misrepresented material facts about CELEBREX in that they made such representations when they knew or reasonably should have known of the falsity of such misrepresentations. Alternatively, Defendants made such misrepresentations without exercising reasonable care to ascertain the accuracy of these representations.

d)    The above misrepresentations were made to Plaintiff, as well as the general public;

e)      Plaintiff and his healthcare provider justifiably relied on Defendants Inc.'s misrepresentations; and

f)      Consequently, Decedent's ingestion of CELEBREX was to his detriment.   Defendants' misrepresentations proximately caused Decedent's injuries, monetary losses and death.

81.    As a direct and proximate result of the Defendants' wrongful acts and/or omissions, Decedent suffered bodily injury, monetary loss and death.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory, treble and punitive damages, together with interest, costs of suit, attorney's fees and all such other relief as the Court deems proper.

## COUNT VIII
## PUNITIVE DAMAGES

82.    Plaintiff repeats and incorporates by reference all other paragraphs of this Complaint as if fully set forth at length herein.

83.    Plaintiff is entitled to punitive damages because the Defendants' failure to warn was reckless and without regard for the public's safety and welfare. The Defendants misled both the medical community and the public at large, including the Plaintiff/Decedent herein, by making false representations about the safety of CELEBREX.   Defendants downplayed, understated and/or disregarded its knowledge of the serious and permanent side effects and risks associated with the use of CELEBREX despite available information demonstrating that BEXTRA was likely to cause serious and even fatal side effects to users.

84.    At all times relevant hereto, Defendants was or should have been in

possession of evidence demonstrating that CELEBREX caused serious side effects. Nevertheless, Defendants continued to market CELEBREX by providing false and misleading information with regard to safety and efficacy.

85.    Defendants failed to provide warnings that would have dissuaded physicians from prescribing CELEBREX and consumers from purchasing and consuming CELEBREX, thus depriving physicians and consumers from weighing the true risks against the benefits of prescribing and/or purchasing and consuming CELEBREX.

WHEREFORE, Plaintiff demands judgment against Defendants, for compensatory damages and punitive damages, together with interest, costs of suit and attorney's fees and such other relief as the Court deems proper.

### COUNT IX
### WRONGFUL DEATH

86.    Plaintiff repeats and incorporates by reference all other paragraphs of this Complaint as if fully set forth at length herein.

87.    As a result of the acts and/or omissions of the Defendants as set forth herein, Decedent suffered serious emotional and bodily injuries resulting in her death on February 25, 2003.

88.    Plaintiff is entitled to recover damages as Decedent would have if he were living, as a result of the acts and/or omissions of the Defendants as specifically pled herein.

89.    Plaintiff is entitled to recover punitive damages and damages for the pain and suffering caused to Decedent from the acts and omissions of the Defendants as specifically plead herein including, without limitation, punitive

damages.    WHEREFORE, Plaintiff demands judgment on this Count against Defendants and in the alternative for the damages resulting from the death of Tonya Sue Petty including without limitation, Decedent's pecuniary injury, together with all hospital, medical and funeral expenses as specifically provided for under New Mexico and  District of Columbia law, as well as compensatory damages, treble damages, exemplary damages, attorney's fees, interest and costs of suit, including without limitation, punitive damages as provided for under New Mexico and the District of Columbia law and all other relief as the Court seems just.

## COUNT X
## SURVIVAL ACTION

90.    Plaintiff repeats and incorporates by reference all other paragraphs of this Complaint as if fully set forth at length herein.

91.    As a result of the actions and inactions of the Defendants, Decedent was caused to suffer before his death.

92.    Plaintiff, on behalf of the Decedent's estate, seeks damages compensable under the applicable Survival Act against the Defendants. Plaintiff, in her own right seeks damages compensable under the Survival Act against the Defendants.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages and punitive damages, together with interest, costs of suit and attorney's fees and such other relief as the Court deems proper.

## COUNT XI
## LOSS OF CONSORTIUM

93.    Plaintiff repeats and incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

94.    By reason of the foregoing, Decedent's husband has necessarily paid and has become liable to pay for medical aid and expenses.

95.    By reason of the foregoing, Decedent's husband has been caused permanent loss of his wife's companionship, services and society.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages and punitive damages, together with interest, costs of suit and attorney's fees and such other relief as the Court deems proper.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

A.    Awarding Plaintiff Sixty Million Dollars ($60,000,000.00) in compensatory damages against Defendants.

B.    Awarding Plaintiff treble damages against Defendants so to fairly and completely compensate Plaintiff for all damages, and to deter similar wrongful conduct in the future;

C.    Awarding Plaintiff punitive damages against Defendants in the amount of Fifty Million Dollars, ($50,000,000.00) to punish Defendants for their wrongful conduct and to deter similar wrongful conduct in the future;

D.    Awarding Plaintiff costs and disbursements, costs of investigations, attorney's fees and all such other relief available under New Mexico and District of Columbia law;

E.    Awarding that the costs of this action be taxed to Defendants; and

F.    Awarding such other and further relief as the Court may deem just and

proper.

Respectfully submitted,

_____
Michael J. Miller, Esquire (DC 397689)
Miller & Associates
105 North Alfred Street
Alexandria, Virginia 22314
800-882-2525
703-519-8080
703-519-8084 – Fax
Counsel for Plaintiffs

## DEMAND FOR JURY TRIAL

Plaintiff herewith requests a trial by jury as to all issues of material fact.

Dated:  February 24, 2006

MILLER & ASSOCIATES

By: _____
MICHAEL J. MILLER
105 N. Alfred Street
Alexandria, Virginia 22314
800-882-2525
703-519-8080
703-519-8084 – Fax
Counsel for Plaintiffs